JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| RASHID K. KAMBAROV | TROY BOWSER, MARK A. PATTON, CHRISTOPHER P. DiGIULIO, JOHN DOE's 1-5, AND STATE OF OREGON |

**(b)** County of Residence of First Listed Plaintiff: Umatilla
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Unknown
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
HARRISON LATTO – 1631 NE Broadway, No. 533, Portland OR
503-223-0783

Attorneys *(If Known)*
Oregon Dept. of Justice

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❑ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ❑ 2 U.S. Government Defendant
- ❑ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury - Product Liability | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 376 Qui Tam (31 USC 3729(a)) |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability | ❑ 367 Health Care/ | | | ❑ 400 State Reapportionment |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❑ 410 Antitrust |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | ❑ 330 Federal Employers' Liability | Product Liability | | ❑ 820 Copyrights | ❑ 430 Banks and Banking |
| ❑ 151 Medicare Act | ❑ 340 Marine | ❑ 368 Asbestos Personal Injury Product Liability | | ❑ 830 Patent | ❑ 450 Commerce |
| ❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❑ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❑ 835 Patent - Abbreviated New Drug Application | ❑ 460 Deportation |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 370 Other Fraud | | ❑ 840 Trademark | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle Product Liability | ❑ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❑ 480 Consumer Credit |
| ❑ 190 Other Contract | ❑ 360 Other Personal Injury | ❑ 380 Other Personal Property Damage | ❑ 710 Fair Labor Standards Act | ❑ 861 HIA (1395ff) | ❑ 485 Telephone Consumer Protection Act |
| ❑ 195 Contract Product Liability | ❑ 362 Personal Injury - Medical Malpractice | ❑ 385 Property Damage Product Liability | ❑ 720 Labor/Management Relations | ❑ 862 Black Lung (923) | ❑ 490 Cable/Sat TV |
| ❑ 196 Franchise | | | ❑ 740 Railway Labor Act | ❑ 863 DIWC/DIWW (405(g)) | ❑ 850 Securities/Commodities/ Exchange |
| | | | ❑ 751 Family and Medical Leave Act | ❑ 864 SSID Title XVI | ❑ 890 Other Statutory Actions |
| | | | ❑ 790 Other Labor Litigation | ❑ 865 RSI (405(g)) | ❑ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❑ 893 Environmental Matters |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | **Habeas Corpus:** | | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 895 Freedom of Information Act |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | | ❑ 871 IRS—Third Party 26 USC 7609 | ❑ 896 Arbitration |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment | ❑ 510 Motions to Vacate Sentence | | | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❑ 240 Torts to Land | ❑ 443 Housing/ Accommodations | ❑ 530 General | | | |
| ❑ 245 Tort Product Liability | ❑ 445 Amer. w/Disabilities - Employment | ❑ 535 Death Penalty | **IMMIGRATION** | | ❑ 950 Constitutionality of State Statutes |
| ❑ 290 All Other Real Property | ❑ 446 Amer. w/Disabilities - Other | **Other:** | ❑ 462 Naturalization Application | | |
| | ❑ 448 Education | ❑ 540 Mandamus & Other | ❑ 465 Other Immigration Actions | | |
| | | ☒ 550 Civil Rights | | | |
| | | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❑ 2 Removed from State Court
- ❑ 3 Remanded from Appellate Court
- ❑ 4 Reinstated or Reopened
- ❑ 5 Transferred from Another District *(specify)*
- ❑ 6 Multidistrict Litigation - Transfer
- ❑ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 42, Section 1983, United States Code

Brief description of cause:
Inadequate medical care

## VII. REQUESTED IN COMPLAINT:

- ❑ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 175.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ❑ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
08/06/2019

SIGNATURE OF ATTORNEY OF RECORD
*(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

HARRISON LATTO
Oregon State Bar #812890
Attorney at Law
  Law Office of Harrison Latto
  1631 NE Broadway, No. 533
  Portland, Oregon  97232
  Telephone:  (503) 223-0783
  Facsimile:  (503) 281-7700
  E-mail:  hlatto@easystreet.net

Attorney for Plaintiff


IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON


| | |
|---|---|
| RASHID K. KAMBAROV, | No. _____ |
| Plaintiff, | |
| | **COMPLAINT** |
| vs. | (Deprivation of civil rights; negligence) |
| TROY BOWSER, MARK A. PATTON, CHRISTOPHER P. DiGIULIO, JOHN DOE's ONE THROUGH FIVE, | |
| and the STATE OF OREGON, | DEMAND FOR JURY TRIAL |
| Defendants. | |


     For his COMPLAINT against defendants, plaintiff RASHID K.

KAMBAROV alleges as follows:

**(Parties:)**

    1.    Plaintiff RASHID K. KAMBAROV is an individual and a resident of

the State of Oregon.  He is presently a prison inmate, in the custody of the Oregon

PAGE 1 - COMPLAINT

Department of Corrections, and housed at the Two Rivers Correctional Institution (TRCI).

2.     Defendant TROY BOWSER is an individual and, on information and belief, a resident of the State of Oregon.  At all times pertinent to this complaint, he was employed as the Superintendent of TRCI.  All of his actions described in this complaint were taken in during the course of, and in furtherance of his duties as superintendent.  He is sued herein in his individual capacity, for actions taken in the course of his official duties.

3.     Defendants MARK A. PATTON, AND CHRISTOPHER P. DiGIULIO are individuals and, on information and belief, residents of the State of Oregon.  At all times pertinent to this complaint, they were employed by the Oregon Department of Corrections (DOC).  Defendant PATTON was employed as a treating physician, and defendant DiGIULIO was employed as the deputy medical director, or medical director.  All of their actions described in this complaint were taken in during the course of, and in furtherance of their duties as employees of the DOC.  They are sued herein in their individual capacity, for actions taken in the course of their official duties.

4.     Defendants JOHN DOE's 1 through 5 are persons, whose identities are presently unknown to plaintiff, and who committed or participated in the decision, described below, to refuse to provide necessary and appropriate medical care and treatment to plaintiff.  When the identities of these persons are ascertained by plaintiff through the discovery process in the course of this action, plaintiff will seek the court's permission to amend this complaint to allege their

PAGE 2 - COMPLAINT

identities and to allege the means by which they caused the harm to plaintiff that is alleged in this action.

## (Jurisdiction:)

5.       This court has jurisdiction over plaintiff's claims against defendants BOWSER, PATTON, DiGIULIO, and JOHN DOE's ONE THROUGH FIVE pursuant to 28 U.S.C. § 1331.  This court has supplemental jurisdiction over plaintiff's claim against defendant STATE OF OREGON based on state law, pursuant to 28 U.S.C. § 1367(a).  The claim against defendant STATE OF OREGON is based essentially on the same nucleus of operative facts as those by which the individual defendants have incurred liability to plaintiff.

## (Factual allegations:)

6.       At some point during February of 2016, plaintiff first sought medical assistance, care, and treatment from defendants, for the extreme discomfort and pain, and drainage of pus, that he was experiencing in his perineal and anal region. Plaintiff did not know the cause of the pain and discomfort, but suspected that he was afflicted with a cyst, or with a perineal or anal fistula or abscess, or with an infection of some kind.

7.       As a prison inmate in the custody of the DOC, plaintiff had no other means of obtaining medical diagnosis and treatment, than through the medical providers offered to him by DOC.

8.       In response to plaintiff's request for care and treatment, defendant PATTON ordered that a culture for the presence of bacteria be conducted, after

PAGE 3 - COMPLAINT

which he apparently diagnosed plaintiff as suffering from some infection.

Defendant Patton prescribed an antibiotic.

9.      Plaintiff thereafter obtained only temporary relief from his symptoms,

lasting only one or two weeks, after which the same symptoms returned, at either

the same or an increased level of severity.  Plaintiff received no follow-up care, or

additional examination, although for months after the initial diagnosis of an

infection he repeatedly requested to be examined and diagnosed further, and to

examined again, and more thoroughly, by defendant PATTON.  All of these

requests were denied by defendants.

10.      In fact, plaintiff, at the time he was first examined by defendant

PATTON in February of 2017, was suffering from a rectal fistula (fistula-in-ano),

and a pilonidal cyst.  A competent physician, through the exercise of a reasonably

capable and thorough examination, consistent with the ordinary standard of

medical care then exercised, would have discovered that plaintiff was so afflicted.

The regular and common treatment for these medical conditions would have

consisted of surgery to repair the fistula and remove the cyst.

11.      Finally, after months of rebuffing his requests for additional care and

diagnosis, plaintiff was again seen by defendant PATTON, in September of 2017.

Defendant PATTON refused to examine plaintiff, other than cursorily and

summarily dismissed plaintiff's complaints of severe pain and discomfort, again

without conducting a reasonably capable examination and diagnosis in keeping

with the prevailing standard of care required of physicians at the time.

PAGE 4 - COMPLAINT

12.    On or about October 11, 2017, plaintiff was advised by employees of

the DOC that plaintiff had been approved for surgery.  However, seven weeks

passed after that advice, with no action taken by defendants or the DOC.  In

November plaintiff was advised by defendant DiGIULIO, contrary to the advice

he received on October 11, that plaintiff had been appropriately examined and

diagnosed by defendant PATTON; that plaintiff had received, and was receiving

appropriate care and treatment and monitoring; and that no further consultation

would be requested, or additional diagnostic procedure or examination performed.

13.    On or about November 30, 2017, plaintiff filed a petition in the

Circuit Court For Umatilla County (assigned docket number 17CV52622), naming

defendant BOWSER as defendant and seeking a writ of habeas corpus directed to

him and requiring him to provide plaintiff with appropriate medical care and

treatment, that he was then refusing to provide.  As a result of this action,

defendant BOWSER agreed to provide plaintiff with an outside medical

consultation and examination.

14.    During this examination, which was conducted on or about December

14, 2017, at the Kadlec Clinic in Richland, Washington, plaintiff was diagnosed

by a competent physician as suffering from a rectal fistula (fistula-in-ano), and

pilonidal cyst.  Surgery was recommended to repair the fistula.

15.    Defendants, on the basis of the diagnosis reached at the Kadlec

Clinic,  agreed that surgery should be provided.  Surgery to repair the fistula and

remove the cyst was performed on or about March 6, 2018, at the Kadlec Clinic.

The surgery was successful and plaintiff thereafter was gradually relieved of the

PAGE 5 - COMPLAINT

symptoms he had been experiencing, as described in paragraph 6 of this complaint.

16.    Because defendants, over a period of several months, consistently and deliberately refused to examine plaintiff, and consistently and deliberately refused to provide adequate and appropriate diagnostic care, plaintiff unnecessarily suffered from extreme pain and discomfort, for a period of over one year – from approximately February of 2017, through March of 2018 – to his damage in an amount to be determined.

17.    If defendants had provided reasonably capable and competent medical care to plaintiff initially, in February of 2017, plaintiff's actual medical ailment would have been correctly diagnosed; surgery would have been ordered and conducted; and plaintiff would not have been forced to endure the extreme pain and discomfort described in paragraph 16.

18.    Plaintiff required follow-up, post-operative care for months after his surgery, consisting of, among other things, regular and periodic changing of the dressing over the surgical site.

19.    Defendants knew, or should have known in the exercise of reasonable care, that plaintiff was and is a devout Muslim, and that, as a tenet of his faith, is forbidden from having any woman not his wife view his genital or anal area.

20.    Plaintiff, because of his legitimate and sincere religious beliefs, requested that defendants provide to him only male nurses or aides to assist plaintiff in the regular changing of his dressing.

21.    Defendants intentionally refused to provide plaintiff with exclusively male nurses and aides to assist with the necessary task of changing plaintiff's dressing, which was in the private area that under the tenets of his religion, was forbidden to be seen by any female person not his wife.  Instead, and even though male nurses and aides were regularly available to perform this task, defendants and others presently unknown to plaintiff intentionally scheduled his visits to the infirmary during times when only female nurses and aides were available to assist plaintiff with the changing of his dressing.

22.    Defendants had no legitimate penological justification for refusing to provide plaintiff with exclusively male nurses and aides for this task.

**(LEGAL CLAIMS:)**

CLAIMS AGAINST DEFENDANTS BOWSER, PATTON, DiGIULIO,

AND JOHN DOE'S ONE THROUGH FIVE

FOR VIOLATION OF CIVIL RIGHTS

**FIRST CLAIM: Violation of plaintiff's rights under Eighth Amendment:**

23.    Plaintiff re-alleges and incorporates herein all of the preceding allegations in paragraphs 1 through 22.

24.    Defendants BOWSER, PATTON, DiGIULIO and JOHN DOE's ONE THROUGH FIVE deliberately disregarded plaintiff's serious, legitimate, and pressing need for appropriate medical diagnosis and treatment, from approximately February through November of 2017.  They thereby subjected plaintiff to unconstitutionally cruel and unusual punishment, in violation of the

Eighth and Fourteenth Amendments to the United States Constitution, and to plaintiff's damage in an amount to be determined.

**SECOND CLAIM: Deprivation of plaintiff's rights under First Amendment:**

25.     Plaintiff re-alleges and incorporates herein all of the preceding allegations in paragraphs 1 through 22.

26.     Defendants retaliated against plaintiff on account of his continuing requests and demands for appropriate medical care and treatment, by providing plaintiff only with female nurses and aides that would assist plaintiff in periodically changing his dressing, which was required and necessary post-surgical care.  Defendants thereby violated plaintiff's rights to free speech and to petition the government for redress of grievances, guaranteed to him by the First and Fourteenth Amendments to the United States Constitution, to his damage in an amount to be determined.

27.     Plaintiff has satisfied all of his obligations under the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

CLAIM AGAINST DEFENDANT STATE OF OREGON

**THIRD CLAIM: Negligence**

28.     Defendant STATE OF OREGON, through its division the DOC, had a legal obligation to provide prison inmates within its custody with appropriate and necessary medical care and treatment.

29.     Defendant STATE OF OREGON breached that obligation, beginning in February of 2017 and continuing through plaintiff's correct diagnosis and

treatment by the Kadlec Clinic in March of 2018, causing plaintiff unnecessarily to suffer extreme pain and discomfort for a period of over one year.

30.    Had defendant STATE OF OREGON fulfilled its legal obligation to plaintiff, to provide him with reasonably capable medical care and treatment, plaintiff's actual condition would have been diagnosed in February of 2017; surgery would have been preformed soon thereafter, which would have relieved plaintiff's symptoms; and plaintiff would not have had to endure over one year of extreme pain and discomfort.

31.    Plaintiff, in compliance with the Oregon Tort Claims Act, provided defendant STATE OF OREGON with timely notice of his claim.

### (Jury demand:)

32.    Plaintiff hereby requests a trial by jury on all of his claims.

WHEREFORE, plaintiffs pray for judgment against defendants, as follows:

1.    On plaintiff's first claim for relief, for a money judgment against defendants BOWSER, PATTON, DiGIULIO, and JOHN DOE's ONE THROUGH FIVE, and against each of them, in the amount of $150,000, together with plaintiff's reasonable attorney fees incurred and to be incurred in the prosecution of this action, pursuant to 42 U.S.C. § 1988(b);

2.    Upon plaintiff's second claim for relief, for a money judgment against defendants BOWSER, PATTON, DiGIULIO, and JOHN DOE's, ONE THROUGH FIVE and against each of them, in the amount of $25,000, together with plaintiff's reasonable attorney fees incurred and to be incurred in the prosecution of this action, pursuant to 42 U.S.C. § 1988(b);

PAGE 9 - COMPLAINT

3.    Upon plaintiff's third claim for relief, for a money judgment against

defendant STATE OF OREGON in the amount of $150,000;

4.    For plaintiff's costs and disbursements incurred in this action; and

5.    For such other relief as the court deems just and proper under the

circumstances.

DATED this 6th day of August, 2019.


/s/ *Harrison Latto*
HARRISON LATTO
Attorney at Law
Attorney for Plaintiff
Rashid K. Kambarov

PAGE 10 - COMPLAINT